Gabriel K. White (11797)
Geena Arata (17512)
WHITE & GARNER
370 East South Temple, Suite 200
Salt Lake City, Utah 84101
Telephone: 801-849-9300
gabriel.white@utahtriallawyers.com
geena.arata@utahtriallawyers.com



## IN THE THIRD DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| MICHAEL MEAD, <br><br> Plaintiff, <br><br> v. <br><br> WKS RESTAURANT GROUP, a corporation; SUNRISE SETAURANTS, a limited liability company dba DENNY'S #7484, a corporation; and JOHN DOES 1-5 <br><br> Defendants. | **SUMMONS** <br><br> **(30 DAYS)** <br><br> Case No. 210900858 <br><br> Honorable Randall Skanchy |
|---|---|

FROM THE STATE OF UTAH TO WKS RESTAURANT GROUP:

YOU ARE HEREBY SUMMONED and required to file a written answer to the attached complaint with the clerk of the above court, located at 450 S. State Street Salt Lake City, Utah 84114 within 30 days of service of this summons upon you. You are also required to serve upon or mail a copy of your answer to the attached complaint to the attorney for plaintiff at the address indicated above within that same 30-day period after service of this summons and complaint upon you.

IF YOU FAIL TO DO SO, judgement by default will be taken against you for the relief demanded in the Complaint, which has been filed with clerk of the above court and a copy of which is attached and herewith served upon you.

Dated this 18th day of February, 2021.

                                                 WHITE & GARNER

                                                 */s/ Geena Arata*
                                                 Geena Arata
                                                 *Attorneys for Plaintiffs*

Serve Defendant at:

    WKS Restaurant Group
    5856 Corporate Ave. Suite 200
    Cypress, CA 90630

Gabriel K. White (11797)
Geena Arata (17512)
WHITE & GARNER
370 E. South Temple, Suite 200
Salt Lake City, Utah 84111
Phone: (801) 849-9300
Email: gabriel.white@utahtriallawyers.com
         geena.arata@utahtriallawyers.com

*Attorneys for Plaintiff*

IN THE THIRD DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| MICHAEL MEAD, | **COMPLAINT** |
|---|---|
| Plaintiff, | JURY DEMANDED |
| vs. | (TIER THREE) |
| WKS RESTAURANT GROUP, a corporation, SUNRISE RESTAURANTS, a limited liability company, dba DENNY'S #7484, a corporation, and JOHN DOES 1-5, | Case Number: |
|  | Judge: |
| Defendants. |  |

Plaintiff, Michael Mead, by and through his counsel, hereby complains and alleges against Defendants as follows:

### **INTRODUCTION**

This is an action arising from an accident at the Denny's Restaurant, #7484, in Salt Lake City, Utah. Plaintiff sustained injuries when his scooter fell into an unmarked hole in the parking lot. Plaintiff fell off the scooter, hit his head and mouth on the scooter, and sustained significant injuries. Defendants were negligent in failing to properly construct, inspect, and maintain the parking lot.

## PARTIES AND JURISDICTION

1. Plaintiff Michael Mead is an individual who was injured in Salt Lake County, Utah as a result of the Defendants' conduct as discussed herein.

2. Upon information and belief, Defendant Denny's Restaurant is a corporation that has locations in Salt Lake County, Utah, and engages in significant business activities in Salt Lake County.

3. The events giving rise to this lawsuit occurred in Salt Lake County, Utah.

4. Venue is proper pursuant to Utah Code Ann. § 78B-3-307.

5. This Court also had jurisdiction pursuant to Utah Code Ann. § 78A-5-102.

## FACTUAL ALLEGATIONS

6. Plaintiff hereby incorporates all other allegations set forth in this Complaint.

7. On September 3, 2020, Plaintiff rode an electric scooter through the Denny's Restaurant in Salt Lake City, Utah.

8. The Denny's Restaurant, #7484, and the parking lot are located at 500 South 200 West in Salt Lake City, Utah 84101.

9. As Plaintiff crossed the parking lot, he rode into a hole in the parking lot.

10. Plaintiff lost control of the electric scooter and crashed.

11. As Plaintiff fell, he hit his head and mouth against the handlebars of the electric scooter.

12. As a result of the fall, Plaintiff sustained injuries to his head and mouth.

13. As a direct and proximate result of Defendants' negligence, Plaintiff was required to obtain medical care from various medical providers and incurred medical and incidental expenses.

14. Plaintiff had no preexisting pain or injuries prior to the accident.

15. Plaintiff's injuries were 100% sustained as a result of the Defendants' failure to properly construct, inspect, and maintain their parking lot, which caused the accident.

16. As a further proximate result of the negligence of Defendants, Plaintiff has incurred and may incur further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time.

## NEGLIGENCE

17. Plaintiff incorporates by reference all allegations of this complaint as though fully restated herein.

18. Defendants conduct described herein was negligent.

19. The standard of care for a reasonable business under the circumstances requires Defendants to properly construct, inspect, and maintain a parking lot that is safe from hazardous conditions.

20. The Defendants knew or should have known about the hazardous condition of the parking lot pavement.

21. Defendants had a duty to construct and maintain a safe and level parking lot free from potential hazards.

22. Defendants had a duty to exercise ordinary care in designing, building, managing, inspecting, and maintaining the parking lot to avoid exposing persons to an unreasonable risk of harm.

23. Defendants participated in various phases of the construction, ownership, leasing, maintenance, and management of the Denny's Restaurant parking lot.

24. Defendants breached the standard of care when they failed to properly construct, inspect, and maintain a parking lot that is safe from hazardous conditions.

25. Defendants breached the standard of care when they failed to construct and maintain a safe and level parking lot free from potential hazards.

26. Defendants breached the standard of care by failing to exercise ordinary care in designing,

building, managing, inspecting, and maintaining the parking lot to avoid exposing persons to an unreasonable risk of harm.

27. As a direct and proximate result of Plaintiff's injuries, Defendants were negligent in properly constructing, inspecting, and maintaining the parking lot.

28. As a direct and proximate result of Plaintiff's injuries, Defendants breached the standard of care described herein causing Plaintiff to suffer damages which include, but are not limited to, physical and emotional injuries, medical expenses, lost wages, and loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## JURY DEMAND

1. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The Plaintiff requests judgment against Defendants as follows:

1. Based on Defendants' negligence, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries, he sustained as a result of the accident. Plaintiff is also entitled to damages for reimbursement of medical expenses, lost wages, ongoing pain and suffering, a loss of household services, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

2. For other general and special damages as determined at trial;

3. For an award of attorney's fees and costs incurred in this action;

4. For pre-judgment and post-judgment interest at the legal rates;

5. For leave to amend this Complaint as the interests of justice allow; and

6. For such other and further additional relief as may be determined to be appropriate and as the Court may find just, equitable, and proper.

DATED this 12th day of February, 2021.

> /s/ Geena Arata
> Gabriel K. White
> Geena Arata
> *Attorneys for Plaintiff*